plaintiffs, as they lawfully might, retained the goods, and recovered as damages $151.53 and interest; being the difference between the market value of the goods at the time and place of delivery, and the contract price,—the legal measure of damages. Moore v. Potter, 155 N. Y. 481, 486, 50 N. E. 271, 63 Am. St. Rep. 692, and authorities cited. While the plaintiffs might have resold the property, and recovered the difference between the contract price and the price obtained upon the resale, they were under no obligation to do it. Moore v. Potter, supra.

The evidence sufficiently proves the damages allowed. The judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.

---

## LAWSON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. December, 1901.)

1. STREET RAILROADS — INJURIES — PERSON CROSSING TRACK — CONTRIBUTORY NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

Plaintiff was injured while crossing a street in the middle of a block. Her own evidence indicated that she was struck by defendant's car because she stopped, turned around, and attempted to go back; and she herself testified that she was almost across the track before she started to go back. It appeared further that she was struck by the corner of the dashboard on the side from which she started to cross, and the testimony of other witnesses called by her tended to show that she attempted to cross in front of the car when it was so near that it was inevitable that she would be hit. *Held*, that plaintiff was not in the exercise of that degree of care incumbent upon pedestrians crossing streets traversed by street cars, especially in the middle of a block.

2. SAME—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

It appearing that plaintiff was crossing the track from the south side, and was struck by the south side of the car, it was error to refuse to instruct the jury that, if they did not believe plaintiff's version of the case, they must find for defendant, since, if her version were not true, she must have attempted to cross when so near that the attempt itself indicated negligence on her part.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Lucille E. Lawson against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before McADAM, P. J., and SCOTT and MacLEAN, JJ.

G. Glenn Worden, for appellant.

Maas & Goldberg, for respondent.

SCOTT, J. The plaintiff was attempting to cross the street in the middle of the block, where the defendant had a superior right of way, and where there was not the same reason for a motorman to expect a person to cross the tracks that there is at a street crossing. The plaintiff's own evidence indicates that the car hit her because, after she had partly crossed the track in front of it, she stopped, turned, and attempted to go back. She herself testified

that she was almost across the track before she started to go back. It undoubtedly took her longer to get back to where she was struck than it would have taken her to get clear of the track and the car if she had continued on. As it was, she was able to get nearly across the track, stop, turn, and retrace her steps; and even then she was struck, not by the fender of the car, but by the southerly corner or side of the dashboard. The motorman, seeing her attempting to cross ahead of him, was not called upon to anticipate that she would turn around and retrace her steps. The testimony of the witnesses called in her behalf tends to the theory that she undertook to cross in front of the car when it was so near her that it was inevitable that she would be hit. Pedestrians attempting to cross a street upon which a line of cars run, especially in the middle of a block, are bound to exercise a reasonable degree of care not to place themselves in a position of danger. The testimony does not show satisfactorily that the plaintiff exercised this care. The counsel for the defendant asked the court to charge the jury that if it did not believe the plaintiff's version of the case, and believed that it was impossible that it could have happened the way she stated, the verdict must be for the defendant. This was a proper request, and should have been granted. The plaintiff was attempting to cross the street from the south to the north. She was struck by the southerly corner of the car, so that she fell clear of the track, and to the south of it. Unless her version was correct, it would follow that she must have been struck before she reached the track at all, and hence that she attempted to cross when the car was so near to her that the attempt itself indicated negligence upon her part. It was by believing her version that it could be believed that, when she started to cross the track, the car was so far away from her as to render her attempt to cross consistent with the exercise of due care on her part. In view of the testimony and the verdict, we cannot say that the defendant may not have been prejudiced by the refusal of the justice to charge as requested.

Judgment reversed and new trial granted, with costs to appellant to abide event. All concur.